UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EVANS TRANSPORTATION SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> NORTHLAND SERVICES, INC., <br><br> Defendant. | CASE NO. C11-1713MJP <br><br> ORDER ON DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendant Northland Services, Inc.'s motion to dismiss and motion for summary judgment. (Dkt. No. 13.) Having reviewed the motions; Plaintiff's response (Dkt. No. 16.); Defendant's reply (Dkt. No. 22); Plaintiff's surreply (Dkt. No. 27.); and all related filings, the Court GRANTS Defendants' motion to dismiss for lack of subject matter jurisdiction.

**Background**

This case involves a contract dispute over the shipment of wall panels from a third-party manufacturer Koreteck Inc. ("Koreteck") in Staunton, Virginia to its final destination in Nome,

ORDER ON DEFENDANT'S MOTION TO
DISMISS PLAINTIFF'S COMPLAINT AND
MOTION FOR SUMMARY JUDGMENT- 1

1  Alaska. Plaintiff Evans Transportation Services, Inc. ("Evans") brokered agreements with
2  various carriers to ship Koreteck's wall panels from Virginia to Defendant Northland Services
3  Inc.'s ("Northland") shipping terminal in Seattle. (Dkt. No. 23, Fitzgerald Decl., Ex. 5.) Once the
4  wall panels were received, Defendant delivered the panels to Neeser Construction, Inc.
5  ("Neeser") in Nome. (Id.) Koreteck did not pay Plaintiff for the 15 shipments it arranged from
6  Virginia to Seattle between April 2010 and June 2010 and has since dissolved. (Dkt. No.18,
7  Johnson Decl., at ¶10.)

Evans is now suing Northland for the services it rendered between Virginia and Seattle. This dispute arises from bills of lading which documented the shipments between Virginia and Nome. A bill of lading lists the consignor (the carrier of the goods), consignee (the recipient of the goods), and the shipper (the goods' manufacturer). Each completed shipment from Virginia to Nome had two bills of lading–one for the Virginia to Seattle leg, and the other for the Seattle to Nome leg. (Dkt. No. 23, Fitzgerald Decl., Exs. 4 and 5.) The first leg's bills of lading list Northland as the consignee. (Dkt. No. 23, Fitzgerald Decl., Ex. 5.) The second leg's bills of lading list Neeser as the consignee. (Dkt. No. 23, Fitzgerald Decl., Ex. 4.) Plaintiff alleges the contractual relationship arose from Northland's designation as consignee on the bills of lading from the shipments between Virginia and Seattle. (Dkt. No.18, Johnson Decl., at ¶10.)

**Discussion**

Defendant Northland moves to dismiss this complaint because there is no subject matter jurisdiction under the Interstate Commerce Commission Termination Act ("ICCTA") and alternatively, moves for summary judgment that no contractual relationship existed. Since the Court agrees it does not have subject matter jurisdiction under the ICCTA of 1995, the Court need not reach the summary judgment motion.

A. Motion to Dismiss Standard under Rule 12(b)(6)

As a court of limited jurisdiction, a district court must ensure that it has subject matter jurisdiction before proceeding further. Allstate Ins. Co. v. Hughes, 358 F.3d 1089, 1093 (9th Cir. 2004). "The party asserting jurisdiction bears the burden of establishing subject matter jurisdiction on a motion to dismiss for lack of subject matter jurisdiction." In re Dynamic Random Access Memory (DRAM) Antitrust Litig., 546 F.3d 981, 984 (9th Cir. 2008). Ultimately, "district courts have only jurisdiction which Congress grants through statute." Murphey v. Lanier, 997 F.Supp. 1348, 1349-50 (S.D. Cal. 1998). However, merely "alleging violation of a federal statute is not always sufficient to invoke federal question jurisdiction." Cannon v. University of Chicago, 441 U.S. 677, 688 (1979). "What ultimately must be determined is whether Congress intended to create the private remedy asserted." Transamerica Mortgage Advisors, Inc. v. Lewis, 444 U.S. 11, 15-16 (1979).

B. Subject Matter Jurisdiction Does Not Exist under ICCTA 49 U.S.C. §13706

The Court lacks subject matter jurisdiction under the ICCTA.

First, the ICCTA of 1995 eliminated federal question jurisdiction over state law contract claims. Prior to 1995, carriers were required to maintain tariffs on file with the federal Interstate Commerce Commission ("ICC"). As a result, federal jurisdiction was present in cases where carriers sought to recover unpaid freight charges because the disputed charges were based on a federally-required tariff with the ICC. See GMG Transwest Corp. v. PDK Labs, Inc. No. 07-CV-2548TCP-ARL, 2010 WL 3710421, at *3 (E.D. N.Y. August 12, 2010). The ICCTA, however, eliminated the need for filed tariffs (with limited exceptions) and collection of freight charges are now considered standard state law breach of contract claims. Id. at *2; see also Mayflower Transit, LLC v. Interra Indus., LLC, No. 07-CV-5963WHW, 2008 WL 2559358 at *2 (D. N.J. June 26, 2008).

1      Here, Plaintiff's claim does not fall into an ICCTA exception and is based on contract. Since the shipment was not governed by a federally-required tariff, there is no basis for federal jurisdiction. To the extent Plaintiff's cite to <u>Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd.</u>, 460 U.S. 533, 538 (1983), Plaintiff's argument is misplaced. <u>Thurston</u> was decided before 1995 and did not address the ICCTA's elimination of the filed tariff requirement. <u>Thurston Motor Lines</u>, 460 U.S. at 534.

     Second, federal question jurisdiction does not exist based on Plaintiff's claim under §13706. Section 13706 does not provide for a federal cause of action. <u>GMG Transwest Corp.</u> No. 2010 WL 3710421, at *3; <u>see also</u> <u>Mayflower Transit, LLC</u> 2008 WL 2559358, at *1 n. 1 (reasoning §13706 does not create a federal cause of action because not all sections of the federal code create causes of actions). In addition, §13706 does not create liability in the consignee for shipping charges where there was a contract allocating the charges elsewhere. <u>Central Freight Lines, Inc. v. U.S.</u>, 87 Fed.Cl. 104, 111 (Fed. Cl. 2009). Although there is a dispute as to whether a contractual relationship existed between Plaintiff and Defendant, there is no question there was contract which held Koreteck liable for the charges. In other words, §13706 does not apply because there was at least a contract allocating the charges to the shipper – even if that shipper since dissolved.

     Third, Plaintiff's reliance on <u>Emmert Indus. Corp. v. Artisan Associates, Inc.</u> to argue the Ninth Circuit recognized federal question jurisdiction is misplaced. The issue before the Ninth Circuit in <u>Emmert</u> was not whether the ICCTA gave rise to federal question jurisdiction. It was whether the statute of limitations under the ICCTA could be used as an affirmative defense in a state law cause of action. <u>Emmert Indus. Corp. v. Artisan Associates, Inc.</u>, 497 F.3d 982, 986 (9th Cir. 2007). In <u>Emmert,</u> the court already had subject matter jurisdiction based on diversity.

Id. at 985. Here, Plaintiff's claim relates to §13706, not the statute of limitations provision. In addition, the Court does not have diversity jurisdiction because Plaintiff's claim is less than $75,000. (Dkt. No. 1 at 4.) Plaintiff's reliance on Emmert to argue federal question jurisdiction fails.

Since this case is a breach of contract case that does not involve a federally-required tariff, the Court GRANTS Defendant's motion to dismiss for lack of subject matter jurisdiction.

**Conclusion**

The Court DISMISSES Plaintiff's claim without prejudice because the Court does not have subject matter jurisdiction. The Court need not consider Defendant's motion for summary judgment or Plaintiff's motion to strike declarations.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 6th day of March, 2012.

Marsha J. Pechman
United States District Judge